OPINION
{¶ 1} This case is an accelerated appeal from the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding defendant-appellant, Matthew Sharples, in contempt. The court's decision also addressed various issues with respect to parenting time and child support. We affirm the domestic relations court's decision.
 {¶ 2} In appellant's first assignment of error, he argues that the domestic relations court erred by not ruling on his objections to the magistrate's decision, and by failing to make independent factual determinations. First, contrary to appellant's argument, nothing in Civ.R. 53 requires a court to make independent factual determinations when ruling on a magistrate's decision. Second, while the court did not expressly state that it was overruling appellant's objections, the court held a hearing on appellant's objections and subsequently issued an entry affirming the magistrate's decision. By affirming the magistrate's decision, the court "ruled" on appellant's objections in accordance with Civ.R. 53(E)(4)(b), effectively overruling the objections. See Schmidli v. Schmidli, Belmont App. No. 02 BE 63, 2003-Ohio-3274, at ¶ 12. Accordingly, we overrule appellant's first assignment of error.
 {¶ 3} In appellant's second assignment of error, he argues that the domestic relations court abused its discretion in allocating parenting time. After carefully reviewing the record, we overrule appellant's second assignment of error. The court's decision that it was in the children's best interest for appellee to remain the residential parent, and the court's refusal to grant appellant more visitation time in the summer, did not constitute an abuse of discretion as defined in Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 4} In appellant's third assignment of error, he argues that the domestic relations court erred by (1) finding him in contempt, (2) failing to allow him the opportunity to purge himself of the contempt, and (3) conditioning the stay of his sentence upon future conduct.
 {¶ 5} The record clearly shows that, during the proceedings before the magistrate, appellant stipulated to the contempt finding for failure to pay child support and failure to pay medical expenses. Appellant cannot object to that stipulation now on appeal. See DiGulio v. DiGulio, Cuyahoga App. No. 81860, 2003-Ohio-2197, at ¶ 32. With regard to appellant's opportunity to purge himself of the contempt, the court did offer appellant that opportunity. The magistrate's decision stated that the contempt sentence would be stayed on the condition that appellant (1) pay appellee's attorney fees and court costs, and (2) "make his payments as ordered for support." The magistrate's decision did not constitute an improper regulation of future conduct. SeeIn re Kenison (May 29, 1997), Franklin App. No. 96APF-07-975. Appellant's third assignment of error is overruled.
 {¶ 6} In appellant's fourth assignment of error, he argues that the domestic relations court erred in calculating the parties' incomes for child support purposes. After finding that appellant was voluntarily underemployed, the court determined that appellant's income was $47,500. The court imputed income of $10,800 to appellee, a stay-at-home mom. After carefully reviewing the record, we find no abuse of discretion by the court. Accordingly, we overrule appellant's fourth assignment of error.
 {¶ 7} In appellant's fifth assignment of error, he argues that the domestic relations court abused its discretion in calculating child support. After carefully reviewing the record, we find no abuse of discretion by the court in calculating appellant's support obligation in accordance with R.C. 3119. Therefore, we overrule appellant's fifth assignment of error.
 {¶ 8} In appellant's sixth assignment of error, he argues that the domestic relations court erred by failing to determine who is responsible for providing health care for the children, and failing to equitably divide that cost between the parties. R.C. 3119.30 states that the court "shall determine the person responsible for the health care of the children subject to the support order."
 {¶ 9} The court did not assign one of the parties to be responsible for the children's health care. However, appellee's spouse voluntarily added the children to his health insurance plan through his employer. Therefore, because the children had health care coverage, it was unnecessary for the court to order one of the parties to be responsible for providing health care. We further find no abuse of discretion by the court in ordering appellant to cover extraordinary medical expenses. Accordingly, we overrule appellant's sixth assignment of error.
Judgment affirmed.
Walsh and Valen, JJ., concur.