OPINION
{¶ 1} Appellant, Barbara S., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, terminating her parental rights and granting permanent custody of her son to the Butler County Children Services Board ("BCCSB"). We affirm the trial court's decision.
 {¶ 2} Appellant is the mother of J.S., born July 1, 2003.[1] Two months after his birth, in September 2003, appellant contacted BCCSB and requested that J.S. be removed from her custody. Appellant expressed a desire to seek treatment for substance abuse, and also stated that she needed someone to care for J.S. while she and her husband separated. Appellant's relationship with her husband was one marked with domestic disputes and multiple separations. When a BCCSB caseworker responded to appellant's request she found the home chaotic.
 {¶ 3} A dependency complaint was filed on September 24, 2003 and J.S. was removed from the home. J.S. was placed in the temporary custody of paternal relatives. J.S. was adjudicated dependent on April 1, 2004. After 13 months in the custody of his relatives, the relatives requested J.S.'s removal based on financial concerns. BCCSB was granted temporary custody and J.S. was placed with a foster family where he has remained since.
 {¶ 4} After the dependency adjudication, a case plan was developed with the goal of reunifying the family. Appellant was required to maintain stable housing, and employment. Appellant was also required to participate in individual counseling, undergo a psychological evaluation and follow through with any recommendations, and participate in an in-home parenting program. Due to her history of abusing prescription drugs and alcohol, appellant was required to complete drug and alcohol evaluations and follow through with any recommendations. Appellant has a history of undergoing drug treatment only to relapse, and in fact, tested positive for opiates during the course of this proceeding.
 {¶ 5} Appellant completed the psychological assessment but never completed an independent substance abuse evaluation. Appellant's psychological assessment recommended that she undergo an evaluation for alcohol abuse but she did not comply with the recommendation. Appellant began individual counseling in March 2004, and stopped participating in November 2004, contrary to her case plan requirements. Appellant enrolled in an in-home parenting program but missed several appointments and completed only 20 of the 28 scheduled lessons. Appellant had difficulty implementing the parenting skills presented. Appellant refused to re-initiate the program in spite of the social worker's offer. Appellant indicated that she was going to parent the child as she wanted.
 {¶ 6} Appellant was granted supervised visitation but missed several visits, including a visit on the child's first birthday. The supervised visits occurred in her home for some months. However the visits returned to agency facilities when appellant moved into a homeless shelter. Stable housing has remained an issue; appellant was evicted from her residence, moved in with her mother, eventually moved into a homeless shelter, and finally moved to another temporary residence, notifying BCCSB of this address at the final permanent custody hearing. Appellant also failed to secure stable employment, voluntarily leaving at least four part-time jobs during the course of this proceeding. Since August 2004 appellant has maintained a part-time job but has not paid any of her court-ordered child support.
 {¶ 7} BCCSB moved for permanent custody in November 2004. After a hearing on the motion, the trial court granted permanent custody of J.S. to BCCSB. Appellant appeals, raising the following assignment of error:
 {¶ 8} "THE TRIAL COURT'S DECISION TO GRANT BCCSB PERMANENT CUSTODY OF THE MINOR CHILDREN IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 9} Before severing a parent's constitutionally protected liberty interest in the care and custody of her children, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met.Santosky v. Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Ament (2001),412 Ohio App.3d 302, 307, citing Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. Appellate review of a trial court's decision finding clear and convincing evidence is limited to determining whether "sufficient credible evidence" exists to support the trial court's determination. Ament at 207; In re Starkey, 150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16.
 {¶ 10} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and granting permanent custody to a children's services agency. Specifically, the trial court must find that: (1) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) as applicable to the present case, the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B); In re Ebenschweiger,
Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 12.
 {¶ 11} In her sole assignment of error, appellant does not take issue with the trial court's conclusion that the child cannot, or should not, be placed with either parent within a reasonable time, but argues only that there is not sufficient credible evidence supporting the trial court's decision that granting the motion for permanent custody is in the child's best interest.
 {¶ 12} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors," including: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem; the custodial history of the child; the child's need for a legally secure, permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 13} Viewing the facts of this case in light of the above factors, it is clear that, although appellant's affection for J.S. may be sincere, it is in the child's best interest that BCCSB be granted permanent custody. J.S. is in need of a legally secure placement given appellant's failure to maintain a stable living situation and failure to remain sober. Appellant failed to make progress toward the case plan goals, failing to address substance abuse issues, failing to complete parenting classes, and discontinuing counseling. J.S. spent only the first two months of his life in appellant's custody, and had spent the 18 months leading up to the hearing in other households. Appellant has had only supervised visits with J.S. and has missed multiple scheduled visits. The child has bonded with his foster family, and, in fact, exhibited anxiety when he had to separate from them to visit with appellant. Finally, while J.S. was too young to express his wishes, his guardian ad litem, citing many of the facts mentioned earlier in this opinion, recommended to the court that BCCSB be granted permanent custody.
 {¶ 14} Having thoroughly reviewed the record, we find that sufficient, credible evidence supports the trial court's determination that it is in the child's best interest to be permanently placed in the custody of BCCSB. The trial court made findings related to the applicable statutory factors, which are overwhelmingly supported by the evidence. The assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellant's husband, the father of J.S., did not appear at the permanent custody hearing and is not a party to this appeal.