OPINION
{¶ 1} Appellant, Lisa Y., appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, granting permanent custody of two of her children to the Madison County Department of Job and Family Services ("DJFS"). We affirm the juvenile court's decision.
 {¶ 2} Appellant is the biological mother of N.C. and B.P.N.C. was born in July 1999. DJFS removed N.C. from appellant's home in May 2004 due to the unsafe and unsanitary condition of the home. The juvenile court found N.C. to be a dependent child at that time, and granted temporary custody of him to DJFS. DJFS placed N.C. in foster care, allowing appellant supervised visitation. In August 2004, after the condition of appellant's home improved, the juvenile court ordered that N.C. be returned to appellant's care.
 {¶ 3} B.P. was born in September 2004. From birth, B.P. had numerous medical problems, including apnea and bradycardia. In November 2004, the juvenile court found B.P. to be a dependent child due to appellant's inability to adequately care for a child with such serious medical conditions. The court granted temporary custody of B.P. to DJFS, which placed him in foster care and arranged for supervised visitation.
 {¶ 4} In February 2005, DJFS again removed N.C. from appellant's home due to the inability of appellant and her boyfriend to meet the child's basic needs. The court placed N.C. in the temporary custody of DJFS. DJFS subsequently placed N.C. in foster care, allowing appellant to make supervised visits.
 {¶ 5} After unsuccessful attempts to improve appellant's parenting skills, DJFS filed a motion for permanent custody of both N.C. and B.P. in August 2005. The juvenile court granted the motion. Appellant now appeals, assigning one error as follows:
 {¶ 6} "THE TRIAL COURT'S FINDING THAT N.C. AND B.P. COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE TIME AND THAT AN AWARD OF PERMANENT CUSTODY TO MADISON COUNTY CHILDREN SERVICES WAS IN THE BEST INTEREST OF THE CHILDREN WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS CONTRARY TO LAW."
 {¶ 7} In her lone assignment of error, appellant argues that the juvenile court's decision granting permanent custody to DJFS was not supported by clear and convincing evidence. Appellant argues that an analysis of the best interest factors in R.C.2151.414(D) should have led to a different result.
 {¶ 8} Under R.C. 2151.414(B)(1), a juvenile court may grant permanent custody of a child to a state agency only if the court finds, by clear and convincing evidence, that permanent custody is in the child's best interest, and that one of the following circumstances applies:
 {¶ 9} "(a) The child * * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 10} "(b) The child is abandoned.
 {¶ 11} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 12} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."
 {¶ 13} Appellant states in her brief that N.C. and B.P. have been in the custody of DJFS for 12 or more months of a consecutive 22-month period. However, the record shows that they have not. Further, N.C. or B.P. were not abandoned or orphaned. Accordingly, in order to grant permanent custody to DJFS, the juvenile court was required to find (1) that permanent custody was in the children's best interest, and (2) that the children could not be placed with appellant within a reasonable time or should not be placed with appellant.[1]
 {¶ 14} In making its best interest determination, the juvenile court was required to consider all relevant factors, including, but not limited to, the following factors enumerated in R.C. 2151.414(D):
 {¶ 15} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 16} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 17} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;
 {¶ 18} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 19} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 20} An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the court's decision. In re J.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 9, citing In re Ament (2001),142 Ohio App.3d 302, 307. Further, a reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. In re Rodgers (2000), 138 Ohio App.3d 510,519-520.
 {¶ 21} Four witnesses testified at the permanent custody hearing: two DJFS caseworkers and two individuals who worked with appellant in her home on parenting and home management skills. None of those witnesses disputed that appellant loved her children. However, it was the consensus of all four witnesses that appellant, whom a psychologist determined to be mentally retarded, was not able to adequately care for N.C. and B.P. Based on the witnesses' firsthand observations of appellant's actions, the witnesses did not think that the children would be safe in her care, especially B.P., who had special medical needs. The witnesses cited specific instances in which appellant failed to properly supervise the children and in which she failed to take the children to necessary medical appointments. The witnesses also testified that appellant was unable to learn and apply essential parenting skills. The witnesses' testimony was relevant to appellant's interaction and interrelationship with the children under R.C. 2151.414(D)(1), and supported the need for permanent custody with DJFS.
 {¶ 22} Additional factors in R.C. 2151.414(D) supported the court's decision to grant permanent custody to DJFS. Relevant to R.C. 2151.414(D)(2), the children's guardian ad litem concluded, like the witnesses at the hearing, that while appellant loved her children, she was not equipped to meet the children's basic or special needs. Relevant to R.C. 2151.414(D)(4), N.C.'s age (six years old at the time of the permanent custody hearing) and B.P.'s special medical needs made the children's need for legally secure permanent placement great. The testimony of the witnesses, the guardian ad litem's report, and a psychological report in the record, indicated that appellant was not and would not be able to provide a safe, stable home for the children. The record also shows that the juvenile court had previously granted permanent custody of another of appellant's children to DJFS, a fact properly considered under R.C. 2151.414(D)(5).
 {¶ 23} Based on our review of the record in light of the best interest factors in R.C. 2151.414(D), we overrule appellant's sole assignment of error. We find no error by the juvenile court in its consideration and application of the best interest factors. Those factors clearly tilted in favor of permanent custody to DJFS. The record shows sufficient, credible evidence supporting the juvenile court's decision that permanent custody was in the best interest of N.C. and B.P., and that N.C. and B.P. could not be placed with appellant within a reasonable time, and should not be placed with appellant.
 {¶ 24} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] Appellant was the only parent of the children who contested DJFS's permanent custody motion. N.C.'s biological father was deceased, while B.P.'s biological father opted not to oppose DJFS's permanent custody motion.