OPINION
{¶ 1} Appellant, Andy B., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor children, A.N.B., Ji.B. and Ja.B, to the Butler County Children Services Board ("BCCSB"). We affirm the trial court's decision.
 {¶ 2} Appellant is the father[1] of A.N.B. and twins, Ji.B. and Ja.B., born on May 16, 2003 and December 28, 2004, respectively. BCCSB, who already had custody of A.N.B.'s dependent sibling, C.S., filed a complaint alleging dependency of A.N.B. on May 16, 2003. A.N.B. was placed into foster care three days after his birth and was adjudicated dependent on October 14, 2003. On December 29, 2004, BCCSB filed a complaint alleging the dependency of the twins and seeking permanent custody of all three children. The twins were placed into foster care two days after their birth and were adjudicated dependent on August 22, 2005.
 {¶ 3} On December 12, 2005, the trial court issued a decision granting permanent custody of the children to BCCSB.
 {¶ 4} Appellant now appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT'S DECISION PLACING CUSTODY WITH THE BCCSB IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 6} Before terminating a parent's constitutionally protected liberty interest in the care and custody of his child, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met.Santosky v. Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Ament (2001),142 Ohio App.3d 302, 307. An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to determining whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court only if there is sufficient conflict in the evidence presented. In re Rogers
(2000), 138 Ohio App.3d 510, 520.
 {¶ 7} R.C. 2151.414(B) requires the juvenile court to apply a two part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the juvenile court must find that: (1) the grant of permanent custody is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and (2) as applicable to the present case, the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B); In re J.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 10.
 {¶ 8} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors," including: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem; the custodial history of the child; the child's need for a legally secure, permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 9} Viewing the facts in light of the factors above, it is clear that granting permanent custody to BCCSB is in the best interest of the children. As a part of the case plan developed by BCCSB for A.N.B. and amended to include the twins, appellant was required to complete psychological and psychiatric evaluations, maintain a stable residence and income, attend counseling, and participate in an anger management course. Additionally, appellant had weekly visits scheduled with the three children.
 {¶ 10} Appellant failed to complete a psychiatric evaluation and anger management courses. After attending only two sessions, appellant was discharged from counseling because of his poor attendance. Appellant's residence has changed between his grandmother's house and a one-bedroom apartment. Both were found unsuitable for children. His sole income since 2000 has been $579 a month received from supplemental security income (SSI). Though he often blamed lack of transportation for his failure to comply with his case plan and find regular employment, appellant has taken few steps to find reliable transportation. Finally, appellant has also been charged with domestic violence.
 {¶ 11} With regard to the scheduled visits with the three children, appellant failed to attend any visits between July and October of 2005 and did not call to give notice of his absence or to reschedule these visits. During the visits appellant attended, the children cried until they broke into hives. While others at the visit tried to calm the children, appellant seemed reluctant to intervene. Appellant frequently ignored suggestions and instructions from BCCSB supervisors regarding the safe handling of the children. On one occasion, appellant fell asleep during a visit. Altogether, these visits did not reveal a bond between appellant and the children.
 {¶ 12} Conversely, the children seem bonded with their foster parents, who are able to meet all of their needs. All three children have been in foster care since birth. During their time in foster care, the children have bonded substantially with their foster parents. A.N.B., who suffers from several health and developmental problems, receives comprehensive and vigilant care from his foster parents. All three children are with foster parents who provide appropriate care and affection and who have stated their desire to adopt. Finally, the guardian ad litem for the children recommended granting BCCSB permanent custody.
 {¶ 13} Given these facts, we find that the trial court correctly determined that granting permanent custody to BCCSB is in the best interest of the children.
 {¶ 14} Furthermore, R.C. 2151.414(E)(4) provides that the juvenile court shall enter a finding that children cannot be placed with either parent within a reasonable time or should not be placed with either parent where the parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
 {¶ 15} Considering the facts of this case, the trial court did not err in finding that the children could not be placed with either parent within a reasonable time. First, the mother surrendered her parental rights. As stated above, appellant has missed many opportunities to visit with his children. He behaved inappropriately during visits and did not seem to share a bond with the children. Moreover, appellant has not completed the requirements of his case plan for reunification and has failed to find suitable housing and stable income. In sum, appellant has demonstrated a lack of commitment to his children through his consistent failure to visit with them and his unwillingness to provide an adequate permanent home for them. Therefore the trial court was correct in finding that the children could not be placed with either parent within a reasonable time.
 {¶ 16} After a thorough review of the record, we find sufficient, credible evidence exists to support the trial court's determination that it is in the best interest of the children that they be permanently placed in the custody of BCCSB. The trial court made findings overwhelmingly supported by the evidence.
 {¶ 17} Accordingly, the assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] We note that the children's mother, Rose S., voluntarily surrendered her parental rights, did not participate in trial proceedings, and is not a party to this appeal.