OPINION
{¶ 1} Respondent-appellant, Patricia E., appeals the decision of the Butler County Court of Common Pleas, Probate Division, finding that the adoption of J.L.C.D., appellant's child, could proceed without appellant's consent. We affirm the probate court's decision.
 {¶ 2} In April 2004, the Butler County Court of Common Pleas, Juvenile Division, issued an agreed entry granting legal custody of appellant's child to petitioners-appellees, Stephen and Joan W., the child's paternal grandparents. Pursuant to that entry, appellant Butler CA2006-07-163 was required to seek employment and pay a minimum of $25 per month in child support.
 {¶ 3} In May 2005, the paternal grandparents filed a petition in the probate court to adopt the child. The petition alleged that appellant had not paid any child support in the year preceding the filing of the adoption petition. After a hearing in May 2006, the probate court determined that appellant's consent was not required for the adoption to proceed. Appellant now appeals that decision, assigning one error as follows:
 {¶ 4} "A COURT ERRS WHEN ENTERING A FINDING OF FACT THAT THE APPELLANT HAS NO ABILITY TO WORK YET DOES NOT FIND THAT TO BE JUSTIFIABLE CAUSE TO REQUIRE CONSENT TO ADOPT."
 {¶ 5} In her sole assignment of error, appellant argues that she had justifiable cause for not paying any child support. Specifically, appellant asserts that she was unable to work due to her health problems. Therefore, appellant argues, the probate court erred in ruling that her consent to the adoption was not required.
 {¶ 6} Generally, the consent of a natural parent is a prerequisite to an adoption. In re Adoption of Copas, Fayette App. No. CA2002-10-024, 2003-Ohio-2224, ¶ 8, citing McGinty v. Jewish Children's Bur. (1989),46 Ohio St.3d 159, 161. However, R.C. 3107.07 sets forth exceptions to the parental consent requirement. R.C. 3107.07(A) authorizes the adoption of a minor child without the consent of a parent if that parent "has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree" for the year preceding the filing of the adoption petition.
 {¶ 7} The petitioner for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child and that such failure was without justifiable cause. In reAdoption of Barkhurst, Butler App. No. CA2002-04-819, 2002- Ohio-4711, ¶ 12, citing In re Adoption of Bovett (1987), 33 Ohio St.3d 102, 103. An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to Butler CA2006-07-163 whether there is sufficient, credible evidence in the record supporting the court's decision. In re J.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 9, citing In re Ament (2001), 142 Ohio App.3d 302, 307.
 {¶ 8} Appellant testified that she did not pay any child support from May 2004 to May 2005, the year preceding the filing of the adoption petition. Appellant was pregnant with another child during a portion of the one-year period, giving birth in November 2004. According to appellant, her doctor advised her not to work from August 2004 to January 2005 because she had gestational diabetes. However, appellant testified that she could have sought employment from May 2004 to August 2004, and from January 2005 to May 2005, but did not. According to appellant, seeking employment would have "defeated the purpose" of her social security claim, filed due to her bi-polar condition. Her claim was eventually denied. Appellant also testified that, from January 2005 to May 2005, she wanted to stay home with her newborn child.
 {¶ 9} Despite her doctor's advisement, appellant testified that she did work approximately 13 hours per week caring for her disabled great aunt. Appellant testified that she took care of her great aunt every week between May 2004 and May 2005. Her grandmother paid her $60 per week for that service. Appellant testified that she did not apply any of her earnings toward her child support obligation. Appellant did testify that she provided approximately $50 to $80 in clothing to the child. However, the child's paternal grandmother testified that she never received anything from appellant, including clothes.
 {¶ 10} Appellant received various forms of public assistance during the one-year period, including subsidized housing and health care, a utilities allowance, and food stamps. Appellant also received $150 per month toward household expenses from a boyfriend who was living with her. According to appellant, she had additional expenses including diapers and clothes for her newborn, the telephone bill, and gasoline for her car. Further, appellant Butler CA2006-07-163 testified that she smoked approximately one pack of cigarettes per day.
 {¶ 11} Appellant participated in an outpatient drug treatment program during the one-year period, eventually completing the program. Appellant also attended Alcoholics Anonymous classes. Appellant testified that the drug treatment program did not prevent her from seeking employment.
 {¶ 12} Contrary to appellant's assertion, there was no factual finding by the probate court that appellant did not have the ability to work for the duration of the one-year period. Rather, the court merely stated that between August 2004 and January 2005, appellant's doctor advised her not to work. The court found that, between May 2004 and August 2004, and between January 2005 and May 2005, appellant did not seek employment beyond caring for her great aunt.
 {¶ 13} After thoroughly reviewing the record, we find sufficient, credible evidence supporting the probate court's decision. The record supports the court's conclusion that appellant did not have justifiable cause for failing to provide child support. We agree with the following analysis by the probate court: "[Appellant] faced many difficulties during the year immediately preceding the filing of the * * * petition to adopt [J.L.C.D.]. She overcame many of these difficulties and deserves commendation for completing a drug treatment program during that period. However, her circumstances did not give her justifiable cause to ignore the minimum child support order for which she was responsible." Given that appellant received public assistance for a substantial portion of her needs, the record indicates that appellant could have applied some of her $240 monthly earnings toward her $25 per month child support obligation.
 {¶ 14} Based on the above analysis, we overrule appellant's sole assignment of error. Because sufficient, credible evidence in the record supports the probate's court's determination that appellant did not have justifiable cause for failing to provide child support, Butler CA2006-07-163 appellant's consent was not required for the adoption to proceed. Accordingly, we affirm the judgment of the probate court.
WALSH and YOUNG, JJ., concur.