OPINION
{¶ 1} Appellant, Hope F., appeals the decision of the Brown County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children to the Brown County Department of Job and Family Services "BCDJFS."
 {¶ 2} On March 30, 2003, appellant's neighbor called the Brown County Sheriff's Office ("BCSO") to report that the neighbor found two of appellant's children outside in *Page 2 
freezing temperatures clothed only in their diapers. On April 3, 2003, BCSO filed charges against appellant and her husband, Kevin F., for child endangering.
 {¶ 3} On April 15, 2003, after conducting an investigation, BCDJFS filed a complaint alleging that appellant's children, A.F., M.F., K.P., and A.P., are neglected, abused, and dependant. The same day, the juvenile court held a shelter care hearing, and granted temporary custody of the children to BCDJFS. On July 30, 2003, in a judgment entry, stipulated to by the parties, the children were adjudicated dependent, and the juvenile court extended the award of temporary custody to BCDJFS. A case plan was implemented to reunify the children with appellant and Kevin. The case plan allowed appellant and Kevin to have supervised visitation, and required Kevin to undergo anger management counseling and that both parents were to improve the conditions of their home, complete parenting education classes, undergo marriage and individual counseling, find employment, and submit to a psychiatric evaluation.
 {¶ 4} On February 4, 2004, the juvenile court held a review hearing, and again extended the award of temporary custody. On May 17, 2004, the juvenile court ordered that the award of temporary custody would terminate on June 4, 2004, after K.P. and A.P. finished the school year, and that protective supervision would continue until December 4, 2004.
 {¶ 5} On June 4, 2004, BCDJFS once again removed the children from appellant's home, after a caseworker visited the home and found garbage scattered throughout the house, dog feces on the floor and smeared on a wall, and adult magazines and "sex toys" in plain view. Appellant and Kevin each were arrested and charged with four counts of child endangering. That day, the juvenile court held an emergency shelter care hearing, and awarded temporary custody to BCDJFS. On March 1, 2005, BCDJFS filed a motion seeking permanent custody of the children. *Page 3 
 {¶ 6} On May 16, 2005, before the permanent custody hearing, Kevin signed an agreement to permanently surrender his parental rights pursuant to R.C. 2151.011(A)(31).
 {¶ 7} The juvenile court held a hearing on BCDJFS's motion for permanent custody from April 5 to 7, 2006. On August 7, 2006, the juvenile court granted BCDJFS's motion for permanent custody, finding that the children had been in the custody of BCDJFS for 12 of the previous 22 months preceding BCDJFS's motion for permanent custody, and that based on clear and convincing evidence, it is in the children's best interest that BCDJFS be granted permanent custody. Appellant appeals the juvenile court's decision, raising a single assignment of error.
 {¶ 8} In her assignment of error, appellant argues that the trial court erred in granting BCDJFS's motion for permanent custody. Appellant raises several issues in support of her argument.
 {¶ 9} First, appellant argues that there was insufficient evidence for the juvenile court to find that the children were dependent.
 {¶ 10} An adjudication of dependency must be supported by clear and convincing evidence. Juv. R. 29(E)(4). An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the court's decision. In re J.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 9, citing In re Ament (2001),142 Ohio App.3d 302, 307. Further, a reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. In re Rodgers
(2000), 138 Ohio App.3d 510, 519-520.
 {¶ 11} R.C. 2151.04 defines a "dependent child" as any child:
 {¶ 12} "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian; *Page 4 
 {¶ 13} "(B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
 {¶ 14} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
 {¶ 15} "(D) To whom both of the following apply:
 {¶ 16} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 17} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 18} According to the record, BCDJFS began its investigation after appellant's neighbor found two of appellant's children outside their home early one morning in below freezing weather wearing only their diapers. When BCDJFS investigators visited appellant's home, they found the living conditions to be extremely cluttered and that three of the four children had significant developmental delays. BCDJFS also reported that during the investigation, Kevin had been found inside the home after an apparent suicide attempt.
 {¶ 19} While the record indicates that there is clear and convincing evidence to support the trial court's finding that the children were dependent, we find that the record also indicates that both appellant and Kevin stipulated that the children were dependant. According to the record, the juvenile court held a hearing on BCDJFS's dependency complaint, and the court ensured that appellant and Kevin understood the legal meaning of "dependent children" and the consequences of stipulating to a dependency finding. *Page 5 
Appellant cannot object to the dependency finding on appeal after she stipulated such a finding. See Sharples v. Sharples, Butler App. No. CA2003-10-274, 2004-Ohio-3352, ¶ 5; In re Annexation of Territory ofRiveredge Tp. to City of Fairview Park (1988), 46 Ohio App.3d 29, 31. Accordingly, we affirm the juvenile court's finding that the children are dependant.
 {¶ 20} Further, appellant argues that the trial court erred in granting BCDJFS's motion for permanent custody. We agree.
 {¶ 21} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In reRodgers (2000), 138 Ohio App.3d 510, 520.
 {¶ 22} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that (1 ) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C.2151.414(B)(1)(a), (b), (c) and (d); In re Ebenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9.
 {¶ 23} Under R.C. 2151.414(B)(1), when a child has been in temporary custody for at *Page 6 
least 12 months of a consecutive 22-month period, a juvenile court is required to find by only clear and convincing evidence that permanent custody is in the child's best interest. In re L.D., Clinton App. No. CA2004-03-007, 2004-Ohio-4000, ¶ 14-15. The juvenile court found, and appellant does not dispute, that the children had been in the temporary custody of BCDJFS for more than 12 months of a consecutive 22-month period.
 {¶ 24} Accordingly, we must determine whether there was clear and convincing evidence that granting the motion for permanent custody was in the children's best interest. R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to the following:
 {¶ 25} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 26} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 27} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 28} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 29} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 30} After reviewing the record, we find that the juvenile court erred in granting
BCDJFS's motion for permanent custody. "While a juvenile court is not required to *Page 7 
enumerate and discuss every statutory factor listed in R.C. 2151.414(D) when making a best-interest determination, there must be some indication in the record that the court at least considered all of the required factors." In re G.N., Clermont App. No. CA2006-08-062, 2007-Ohio-126, ¶ 36. The juvenile court's decision is a detailed description of the procedural history of this case, the pertinent facts, and the evidence presented at the permanent custody hearing. However, the juvenile court's decision does not include any findings related to the mandatory statutory factors listed in R.C. 2151.414(D) to support its conclusion that granting BCDJFS's motion for permanent custody is in the children's best interest. We are unable to determine from the juvenile court's decision whether it properly considered these statutory factors that a court must consider when considering a motion for permanent custody. Accordingly, we reverse the juvenile court's decision granting permanent custody to BCDJFS and remand this case to the juvenile court to properly consider the requisite statutory factors.
 {¶ 31} In doing so, we remind the juvenile court that "a parent's right to the custody of his or her child has been deemed `paramount.' * * * Permanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.' * * * Therefore, parents `must be afforded every procedural and substantive protection the law allows."` (Citations omitted.) In re Hayes (1997), 79 Ohio St.3d 46, 48. "Given the magnitude of a decision to permanently terminate parental rights, a decision granting permanent custody must indicate which statutes apply and which factors it has considered and should reflect the court's careful and thorough analysis in reaching such a decision." In re G.N. at ¶ 43. Further, we note that this decision does not preclude the juvenile court from awarding BCDJFS permanent custody upon remand, as long as the court properly considers the requisite statutory factors. *Page 8 
Appellant's assignment of error is sustained in part.[1] The judgment is reversed in part, and the cause is remanded for further proceedings.
WALSH and POWELL, JJ., concur.
[1] Appellant has raised several other issues related to the juvenile court's "findings." However, the juvenile court did not make these findings as appellant has alleged. Nevertheless, given our resolution of her assignment of error, these issues are moot. *Page 1