[Cite as *In re M.W.*, 2017-Ohio-7358.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF: M.W.  :

                          CASE NO. CA2017-01-011

                     :

                          O P I N I O N

                     :           8/28/2017

                     :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2016-0213

Carol Garner-Stark, 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249, guardian ad litem for M.W.

Heather A. Felerski, P.O. Box 181342, Fairfield, Ohio 45018, for appellant

Jeannine C. Barbeau, 3268 Jefferson Avenue, Cincinnati, Ohio 45220, guardian ad litem for appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Department of Job & Family Services

       **S. POWELL, P.J.**

       **{¶ 1}** Appellant, a mother ("Mother"), appeals from the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating her daughter, M.W., a dependent child. For the reasons outlined below, we affirm.

       **{¶ 2}** On May 19, 2016, M.W. was born in a motel room located in Hamilton, Butler

County, Ohio. At the time of M.W.'s birth, Mother, who resided in the motel room with her own mother, alleged she did not know she was pregnant due to the side effects of her seizure medication. Mother also admitted that she had not received any prenatal care during the pregnancy. At all times relevant, it is undisputed that Mother was unemployed and relied solely on her mother's disability income for financial support. The identity of M.W.'s father is unknown.

{¶ 3} On June 9, 2016, a caseworker for the Butler County Department of Job and Family Services ("BCDJFS") filed a complaint alleging M.W. was a dependent child due to concerns that M.W. had only gained six ounces in the three weeks since her birth while in Mother's care. The complaint further alleged that Mother refused to "wake [M.W.] to feed her due to her own beliefs that newborn's should not be awoken to be fed on a schedule." Later that day, the juvenile court issued an emergency ex parte order placing M.W. in the temporary custody of BCDJFS. The juvenile court also appointed M.W. with a guardian ad litem. Following M.W.'s removal from Mother's care, the complaint indicates M.W. gained eight ounces in a period of just eight days.

{¶ 4} On November 1, 2016, an adjudication hearing was held before a juvenile court magistrate, during which the magistrate heard testimony from M.W.'s pediatrician, Mother, and a caseworker from BCDJFS. The next day, November 2, 2016, the magistrate issued a decision adjudicating M.W. a dependent child in accordance with R.C. 2151.04(C), which defines a "dependent child" as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" In reaching this decision, the magistrate made numerous factual findings, including, but not limited to, the fact that M.W.'s pediatrician was concerned about M.W.'s limited weight gain since her birth, as well as Mother's resistance to adhere to the medical advice she received regarding the frequency she needed to feed M.W. This included references to Mother's

refusal to wake M.W. at night to feed "because of [Mother's] need to sleep due to her epilepsy," a condition Mother admitted causes her to have "issues with both her short-term and long-term memory."

{¶ 5}  On November 8, 2016, Mother filed a motion to set aside the magistrate's decision.  In support of her motion, Mother argued the magistrate's decision adjudicating M.W. a dependent child was against the manifest weight of the evidence.  Mother further indicated that "[a] transcript of the proceedings has been ordered" and that she "reserves the right to file supplemental objections upon receipt of the transcript."  The juvenile court denied Mother's motion on November 15, 2016, specifically holding "[a]n objection can be re-filed after disposition in this case has taken place."

{¶ 6}  On December 9, 2016, the magistrate held a disposition hearing and issued a dispositional decision finding it would be in M.W.'s best interest for her to remain in the temporary custody of BCDJFS.  A case plan was then established for Mother that required Mother to seek treatment for her mental health issues.  Mother was also ordered to complete a parenting education program.  It is undisputed that Mother did not attend the disposition hearing, although her court-appointed attorney did.  A transcript of this hearing was not made part of the record.

{¶ 7}  Later that day, shortly after the disposition hearing concluded, Mother re-filed her motion to set aside the magistrate's decision.  In support of this motion, Mother once again argued that the magistrate's decision adjudicating M.W. a dependent child was against the manifest weight of the evidence.  In addition, just as she had done previously, Mother indicated that "[a] transcript of the proceedings has been ordered" and that she "reserves the right to file supplemental objections upon receipt of the transcript."  Neither a transcript nor supplemental objections were timely filed with the juvenile court, nor did Mother request an extension of time for preparation of a transcript of the adjudication hearing.

{¶ 8} On December 21, 2016, the juvenile court issued a decision denying Mother's motion to set aside the magistrate's decision, thereby affirming and adopting the magistrate's decision adjudicating M.W. a dependent child. In so holding, the juvenile court stated, in pertinent part, the following:

> After a complete review of the record, this court finds the Motion to Set Aside Magistrate's Decision (which this court interprets to be an Objection to Magistrate's Decision) to not be well taken. Said objection/motion shall, therefore, be overruled. The request for production of a transcript for the purpose of the objection/motion shall be denied and the decision and order of the magistrate as issued on December 9, 2016 shall be adopted as the findings and orders of the court.

Again, neither a transcript nor supplemental objections were timely filed with the juvenile court, nor did Mother request an extension of time for preparation of the transcript of the adjudication hearing.

{¶ 9} Mother now appeals from the juvenile court's decision, raising two assignments of error for review. A transcript of the adjudication hearing was subsequently prepared and filed with the juvenile court for purposes of this appeal.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN FINDING M.W. TO BE A DEPENDENT CHILD WHEN CLEAR AND CONVINCING EVIDENCE OF DEPENDENCY WAS NOT PRESENTED.

{¶ 12} In her first assignment of error, Mother argues the juvenile court erred by adjudicating M.W. a dependent child since the evidence presented at the adjudication hearing did not support such a decision. We disagree.

{¶ 13} Pursuant to R.C. 2151.35(A), a juvenile court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. *In re T.B.*, 12th Dist. Fayette No. CA2014-09-019, 2015-Ohio-2580, ¶ 12. An appellate court's

- 4 -

review of a juvenile court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the juvenile court's decision. *In re L.J.*, 12th Dist. Clermont No. CA2007-07-080, 2007-Ohio-5498, ¶ 12. A reviewing court will not reverse a finding by a juvenile court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. *In re A.F.*, 12th Dist. Brown No. CA2006-09-012, 2007-Ohio-1646, ¶ 10.

{¶ 14} As noted above, M.W. was adjudicated a dependent child in accordance with R.C. 2151.04(C), which defines a "dependent child" as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" The determination that a child is dependent requires no showing of fault on the parent's part. *In re S.W.*, 12th Dist. Brown No. CA2011-12-008, 2012-Ohio-3199, ¶ 12. Rather, the focus is on the child's condition or environment, and whether the child was without adequate care or support. *In re W.C.H.*, 12th Dist. Butler No. CA2014-02-057, 2015-Ohio-54, ¶ 14. However, a court may consider a parent's conduct insofar as it forms part of the child's environment. *In re S.J.J.*, 12th Dist. Butler No. CA2006-02-021, 2006-Ohio-6354, ¶ 12. "A parent's conduct is significant if it has an adverse impact on the child sufficient to warrant intervention." *In re S.W.* at ¶ 12.

{¶ 15} After a thorough review of the record, including the transcript of the adjudication hearing, we find sufficient, credible evidence supports the juvenile court's decision to adjudicate M.W. a dependent child. This includes testimony that, while Mother ultimately agreed to place M.W. on a more regimented feeding schedule, albeit reluctantly, M.W. had only gained six ounces over the three-week period she was in Mother's care. According to M.W.'s pediatrician, this was due to M.W. "not taking in adequate nutrients" as a result of Mother's general unwillingness to wake M.W. up at night to feed, thereby potentially

subjecting M.W. to a diagnosis of "failure to thrive."[1]  There was also testimony that Mother had been diluting M.W.'s formula "excessively" by adding too much water to the mixture.  As the juvenile court ultimately determined in affirming and adopting the magistrate's decision, due to M.W.'s limited weight gain, as well as other concerns regarding Mother's "residence and dependence upon her mother," M.W.'s "condition and environment is such that the state is warranted in addressing this child's guardianship."  We agree with the juvenile court.

{¶ 16} Despite this, Mother argues M.W.'s removal from her care was "premature in that there was no immediate danger" to the child.  In support of this claim, Mother points to the fact that M.W. had not yet been diagnosed as "failure to thrive" at the time of her removal.  However, as M.W.'s pediatrician testified, M.W. certainly would have been a "candidate for failure to thrive" if she had not gained sufficient weight by her next appointment.  Although Mother seems to disagree, the law does not require the court to experiment with the child's welfare to see if the child will suffer great detriment or harm before finding the child dependent.  *In re W.C.H.*, 2015-Ohio-54 at ¶ 28.  That is certainly the case here for the record firmly establishes that M.W.'s weight increased significantly just a few days after M.W. was removed from Mother's care and provided proper nutrition.  Therefore, because we find sufficient, credible evidence supports the juvenile court's decision to adjudicate M.W. a dependent child, Mother's first assignment of error is without merit and overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S OBJECTION WITHOUT REVIEWING A TRANSCRIPT OF THE PROCEEDINGS OR HEARING ARGUMENTS IN ORDER TO FACILITATE AN INDEPENDENT REVIEW.

---

1. In describing a "failure to thrive" diagnosis, M.W.'s pediatrician testified that it is the "failure to gain weight appropriately" due to "inadequate nutritional intake."

{¶ 19} In her second assignment of error, Mother argues the juvenile court erred and abused its discretion by overruling her objections to the magistrate's decision without first holding a hearing on the matter or by reviewing the transcript of the adjudication hearing. However, contrary to Mother's claim, the record indicates the juvenile court held a hearing on Mother's objections, a hearing that Mother did not attend. Based on the record before this court, Mother's claim otherwise is simply incorrect.

{¶ 20} Moreover, pursuant to Juv.R. 40(D)(3)(b)(iii), the fact that the juvenile court did not have the benefit of a transcript of the adjudication hearing was the result of Mother failing to timely file a transcript of that hearing. As Juv.R. 40(D)(3)(b)(iii) states:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. *The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.* If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(Emphasis added.)

{¶ 21} Mother claims her failure to timely file the transcript with the juvenile court was due to the juvenile court's denial of her request for production of the transcript. However, while we agree the juvenile court stated as part of its decision overruling Mother's objections that "[t]he request for production of a transcript for the purpose of the objection/motion shall be denied," the record indicates Mother never filed such a request.[2] Rather, as part of both

---

2. It should be noted, even if Mother had made such a request, unlike a case regarding the grant of permanent custody, this case does not involve the termination of Mother's parental rights that would entitle Mother to a transcript of the proceedings at the state's expense. *See, e.g., In re E.J.*, 12th Dist. Warren No. CA2014-07-098, 2015-Ohio-731, ¶ 18 (affirming a trial court's decision to deny a mother's request for a transcript of a dispositional hearing at the state's expense in a legal custody case because the case did not involve the termination of the mother's parental rights).

her motions to "set aside" the magistrate's decision, which the juvenile court properly construed as objections to the magistrate's decision, Mother explicitly stated that "[a] transcript of the proceedings has been ordered" and that she "reserves the right to file supplemental objections upon receipt of the transcript." Yet, as stated previously, neither a transcript nor supplemental objections were timely filed with the juvenile court, nor did Mother request an extension of time for preparation of the transcript of the adjudication hearing. Therefore, in accordance with Juv.R. 40(D)(3)(b)(iii), any blame must be placed on Mother, not the juvenile court

{¶ 22} A transcript of the adjudication hearing was subsequently prepared and filed with the juvenile court for purposes of this appeal. Although we ordinarily would not review materials under these circumstances, because this case involves issues regarding the custody of an infant child, we have independently reviewed the transcript of the adjudication hearing and can find no error requiring this matter be reversed. Mother, therefore, cannot demonstrate any resulting prejudice by the juvenile court's failure to review a transcript of the adjudication hearing itself. In other words, although Mother disagrees, we find the juvenile court's ultimate decision to adjudicate M.W. a dependent child is fully supported by the record. This includes testimony and evidence that M.W.'s weight increased significantly after M.W. was removed from Mother's care and provided with proper nutrition. Again, the law does not require the court to experiment with the child's welfare to see if the child will suffer great detriment or harm before finding the child dependent. *In re W.C.H.*, 2015-Ohio-54 at ¶ 28. Therefore, finding no error in the juvenile court's decision to adjudicate M.W. a dependent child, Mother's second assignment of error is without merit and overruled.

{¶ 23} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.