OPINION
{¶ 1} Appellant, Carl J., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of his three minor children to the Clermont County Department of Job and Family Services ("CCDJFS"). We affirm the juvenile court's decision.
 {¶ 2} Appellant and January H. are the biological parents of L.J, A.J., and K.J. L.J. *Page 2 
was removed from their care two days after the child's birth on June 25, 2003 by the Warren County Department of Job and Family Services, because January and L.J. both tested positive for cocaine, and appellant was incarcerated. At that time, a case plan for reunification was implemented. January gave birth to A.J. on October 31, 2004, but the child was not removed from the home. Although appellant tested positive for drugs and alcohol on multiple occasions, he and January completed a substantial portion of the case plan, and L.J. was returned to their care on April 13, 2005.
 {¶ 3} On November 15, 2005, January gave birth to K.J. At the time of the child's birth, January tested positive for cocaine, and appellant was again incarcerated. On November 17, 2005, CCDJFS filed a complaint, alleging the children are dependant. The juvenile court awarded emergency temporary custody of the children to CCDJFS, and a case plan for reunification with both parents was implemented. The case plan required both parents to undergo psychological evaluations, drug evaluation and treatment, parenting courses, and counseling.
 {¶ 4} January completed a portion of the case plan, but then abandoned it completely. When appellant was released from incarceration, he completed a portion of the case plan. However, appellant abandoned his case plan obligations in February 2006, after he was arrested and charged with operating a vehicle while intoxicated ("OVI"). Appellant was not incarcerated at this time, because he absconded to avoid prosecution. Appellant was eventually arrested in May 2006, and was incarcerated at that time.
 {¶ 5} On December 8, 2005, the juvenile court held a hearing on CCDJFS's motion, and adjudicated the children dependent pursuant to 2151.353. Further, the court held that pursuant to R.C. 2151.419, reasonable efforts were made to prevent the need for placement outside the home. The court awarded temporary custody of the children to CCDJFS.
 {¶ 6} On September 12, 2006, CCDJFS filed a motion seeking permanent custody of *Page 3 
the children.
 {¶ 7} On November 8, 2005, the juvenile court magistrate held a hearing on CCDJFS's motion for permanent custody. At the conclusion of the hearing, the juvenile court found that awarding permanent custody of the children to CCDJFS would be in the best interest of the children. However, the magistrate found that appellant had not been properly served prior to the dependency adjudicatory hearing. On January 16, 2007, CCDJFS dismissed the action and filed a new complaint, alleging that the children are dependent, and seeking permanent custody of the children. The juvenile court awarded emergency temporary custody to CCDJFS that day.
 {¶ 8} On March 30, 2007, the juvenile court magistrate held a hearing on CCDJFS's motion. Before the permanent custody hearing began, January agreed to permanently surrender her parental rights pursuant to R.C.2151.011(A)(31). On April 11, 2007, the magistrate found by clear and convincing evidence that the children are dependant, that the children cannot and should not be placed with either parent within a reasonable time, and that granting permanent custody to CCDJFS is in the best interest of the children. Appellant objected to the magistrate's decision, and the juvenile court overruled the objections, and adopted the magistrate's decision. Appellant appeals the trial court's decision, raising two assignments of error.[1]
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED IN MAKING A FINDING OF DEPENDENCY REGARDING THE APPELLANT'S CHILDREN."
 {¶ 11} Appellant argues that the children were not dependent at the time CCDJFS filed the second complaint for dependency after dismissing the first complaint. Appellant *Page 4 
maintains the children were receiving adequate care from foster caregivers and thus cannot be dependent under R.C. 2151.04. We disagree.
 {¶ 12} An adjudication of dependency must be supported by clear and convincing evidence. Juv. R. 29(E)(4). An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the court's decision. In re J.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 9, citing In re Ament (2001),142 Ohio App.3d 302, 307. The state is required to prove dependency at the time alleged in the complaint. In re S.H., Butler App. No. CA2005-01-007,2005-Ohio-5047. A reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. In re Rodgers (2000),138 Ohio App.3d 510, 519-520.
 {¶ 13} R.C. 2151.04 defines a "dependent child" as any child:
 {¶ 14} "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;
 {¶ 15} "(B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
 {¶ 16} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
 {¶ 17} "(D) To whom both of the following apply:
 {¶ 18} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 19} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the *Page 5 
child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 20} At the time CCDJFS filed the second complaint alleging dependency, the children had already been adjudicated delinquent. Although there is no entry in the record vacating the adjudication of dependency, CCDJFS dismissed its complaint for dependency for the purpose of refilling a complaint, and to properly serve appellant with the complaint. According to the record, at the time CCDJFS filed the second complaint, the children were in the temporary custody of CCDJFS, and were living with foster caregivers who are family members. However, the circumstances which prompted CCDJFS to intervene remained unchanged with respect to appellant as of the time of the second filing, as appellant was again incarcerated, and unable to care for the children.[2]
 {¶ 21} In In re Riddle, 79 Ohio St.3d 259, 264, 1997-Ohio-391, the Ohio Supreme Court stated, "[j] ust because a child is safe, whether it be in a foster home or the grandparents' home, does not negate a finding the child is neglected because of the acts or omissions of the parents. * * * Similarly, we endorse the approach of In re Poth (June 30, 1982), Huron App. No. H-81-31, * * * in which the Sixth Appellate District, in a situation where the county assumed care of a child because the parents were not providing care, rejected an argument that the child could not be adjudged dependent as a matter of law when the child was receiving excellent foster care."
 {¶ 22} In accordance with Riddle, we reject appellant's argument that the children could not be adjudicated dependent while in the care of foster caregivers. We find that sufficient, credible evidence existed at the time of the complaint to support the juvenile court's decision adjudicating the children dependent. Appellant's first assignment of error is *Page 6 
overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE COURT ERRED IN FINDING THAT THE AGENCY MADE REASONABLE EFFORTS TO REUNIFY THE CHILDREN WITH THEIR PARENTS."
 {¶ 25} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In reRodgers (2000), 138 Ohio App.3d 510, 520.
 {¶ 26} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C.2151.414(D); and, 2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C.2151.414(B)(1)(a), (b), (c) and (d); In re Schaefer, 11 Ohio St.3d 498,2006-Ohio-5513, ¶ 31-36; In re Ebenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9.
 {¶ 27} With respect to the first part of the test, R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall *Page 7 
consider all relevant factors, including, but not limited to, the following:
 {¶ 28} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 29} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 30} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 31} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 32} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 33} The juvenile court magistrate's decision indicates that she considered each of the factors listed in R.C. 2151.414(D) in finding that it is in the child's best interest that BCCSB be granted permanent custody. While appellant does not challenge the magistrate's best interest findings, we have reviewed these findings and find that they are supported by competent, credible evidence.
 {¶ 34} However, appellant does challenge the magistrate's finding that the children cannot and should not be placed with either parent within a reasonable time, and that the agency made reasonable efforts to reunify the children with appellant. Appellant maintains that CCDJFS was required to implement a new case plan for reunification after CCDJFS's first motion for permanent custody was denied. We disagree.
 {¶ 35} The magistrate found, by clear and convincing evidence, the children cannot *Page 8 
and should not be placed with either parent within a reasonable time, and that CCDJFS has made reasonable efforts to reunify the children with appellant and January. In support of these findings, the magistrate noted that both parents have demonstrated a lack of commitment toward the children. Further the magistrate noted that both parents failed to support, visit, or communicate with the children when able to do so, and have not provided an adequate permanent home for the children. Also, the magistrate found that appellant has been repeatedly incarcerated and that this has prevented him from providing care for the children.
 {¶ 36} After reviewing the record, we find competent, credible evidence supports the juvenile court's decision that the children should not be placed with either parent within a reasonable time, and that CCDJFS made reasonable efforts at reunification. CCDJFS provided appropriate case plan services when the children were originally removed from the home, yet appellant failed to comply with the requirements of the case plan and abandoned the case plan completely. Moreover, this court has previously held that a case plan for reunification is not required where a parent failed to complete the requirements of a prior case plan, such that implementation of a new case plan would be futile. See In re M.C., Madison App. No. CA2004-04-008, 2004-Ohio-4782. Since appellant failed to complete the previous case plan and was incarcerated at the time of the hearing, it would have been futile for CCDJFS to implement a new case plan. Accordingly, appellant's second assignment of error is overruled.
 {¶ 37} Judgment affirmed.
YOUNG, P.J., and POWELL, JJ., concur.
[1] We note that January is not a party to this appeal.
[2] At this point in the proceedings, January had agreed to surrender her parental rights, and did not contest the dependency allegation. *Page 1