OPINION
{¶ 1} Melissa G. appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, awarding Montgomery County Children Services ("MCCS") protective supervision of her son, P.G., for six months, while he remained in her custody. For the reasons that follow, the judgment of the trial court will be affirmed. *Page 2 
 I {¶ 2} Melissa has five children, and P.G. is the youngest. Melissa and her children first became involved with MCCS in 2003, when she was homeless, suffering from mental health issues and substance abuse, and unemployed. Melissa was unable to complete her case plan and, in 2006, MCCS was awarded permanent custody of Melissa's four oldest children.
 {¶ 3} P.G. was born on June 19, 2007. On August 6, 2007, MCCS filed a dependency complaint pursuant to R.C. 2151.04(C) and (D). The complaint asserted that protective supervision was warranted based on the circumstances that led to the removal of Melissa's four other children, although MCCS acknowledged the Melissa's situation had improved significantly.
 {¶ 4} At a hearing before a magistrate on October 12, 2007, MCCS and Melissa presented evidence about the improvement in her circumstances since the removal of her older children. The parties agreed that Melissa had voluntarily sought treatment through Eastway for her bipolar disorder and marijuana use and that the treatment had been successful. It was undisputed, however, that Melissa had not consistently followed her mental health treatment plans and case plans in the past. The caseworker attested that Melissa was more aware of the correlation between her mental health and her parenting abilities than she had been in the past.
 {¶ 5} Melissa had also obtained appropriate housing and had ended a troublesome relationship with her husband, although she was not yet divorced. She was living with P.G.'s father, who provided more support for her than her husband had. He *Page 3 
hoped to establish paternity when Melissa's divorce was final. Melissa was also working "seasonally" at Victoria's Secret, approximately 8 or 9 months per year. P.G. suffered from bronchitis, but he was essentially a healthy child about whom MCCS presently had no specific concerns.
 {¶ 6} The central issue in the case was whether Melissa's past inconsistency in her mental health treatment and her inability to comply with case plans with respect to her other children justified a period of supervision of her care of P.G. by MCCS. While acknowledging "real improvements," MCCS sought to monitor Melissa's situation for six months, based on her past history. The guardian ad litem also recommended a period of supervision.
 {¶ 7} The magistrate found that protective supervision was in P.G.'s best interest. Melissa filed objections, but the trial court agreed with the magistrate's conclusion. It found that protective supervision was "necessary * * * to ensure that [Melissa] maintains her stability in order to appropriately parent" P.G.
 II {¶ 8} Melissa's First Assignment of Error is as follows:
 {¶ 9} "[THE TRIAL COURT'S] DECISION OF GRANTING PROTECTIVE SUPERVISION TO CHILDREN SERVICES SHOULD BE OVERRULED AS BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Melissa contends that the evidence does not support the trial court's decision.
 {¶ 11} An adjudication of dependency must be supported by clear and convincing evidence. Juv. R. 29(E)(4); In re L.J., Clermont App. No. CA2007-07-080, 2007-Ohio-5498, ¶ 12. *Page 4 
An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the court's decision. In reAment (2001), 142 Ohio App.3d 302, 307, 755 N.E.2d 448; L.J. at ¶ 12.
 {¶ 12} The facts in this case are essentially undisputed: Melissa was managing her mental illness and living conditions well at the time of the hearing, but she had a poor track record of having done so in the past. Melissa contends that she straightened her life out without the help of MCCS, and that she should not have to be supervised when she is doing well now. The court, however, was required to focus on the best interest of the child. Melissa's recent efforts are commendable, but the trial court reasonably concluded that, based on her history, P.G.'s best interest would be served by MCCS supervision until Melissa's record of stability is better established. This conclusion is supported by clear and convincing evidence.
 {¶ 13} The First Assignment of Error is overruled.
 III {¶ 14} Melissa's Second and Third assignments of error are as follows:
 {¶ 15} "[THE TRIAL COURT'S] DECISION SHOULD BE OVERRULED SINCE THE MONTGOMERY COUNTY CHILDREN SERVICES FAILED TO SATISFY THE REQUIREMENTS OF OHIO REVISED CODE SECTION 2151.04(C).
 {¶ 16} "[THE TRIAL COURT'S] DECISION SHOULD BE OVERRULED BECAUSE CHILDREN SERVICES FAILED TO SATISFY THE FIRST REQUIREMENT OF SECTION 2151.04(D) OF THE OHIO REVISED CODE."
 {¶ 17} Melissa contends that MCCS failed to satisfy any of the requirements of *Page 5 
R.C. 2151.04 for a finding of dependency. The relevant portions of the statute are R.C. 2151.04(C) and (D), which state:
 {¶ 18} ". . . [Dependent child" means any child:" . . .
 {¶ 19} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
 {¶ 20} "(D) To whom both of the following apply:
 {¶ 21} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 22} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 23} Melissa contends that MCCS did not satisfy R.C. 2151.04(C), because the evidence shows that P.G. was born drug and alcohol free, had never lived in conditions comparable to his siblings, and had lived in "healthy and positive" conditions since his birth. She further asserts that MCCS did not satisfy R.C. 2151.04(D)(1), because P.G. had never lived with the siblings who were removed from his mother's custody or at the residence where they had lived. Thus, she concludes that P.G. had never been in "a household * * * that was the basis for an adjudication."
 {¶ 24} As part of her argument, Melissa G. asserts that the restrictive phrase "who resides in the household" in R.C. 2151.04(D)(1) modifies not just the immediately *Page 6 
preceding subject, "any other child," but also the preceding subject, "a sibling of the child." We do not construe the statute that way. In our view, if a child is residing in a household in which a parent (in that household) committed an act that was the basis for an adjudication that a sibling of the child is an abused, neglected, or dependent child, the requirement of R.C. 2151.04(D)(1) is satisfied, regardless of whether the sibling currently shares a household with the child under consideration. Of course, if the act serving as the basis for an adjudication of abuse, neglect, or dependency concerned some other child, not a sibling, then it would make sense to restrict the phrase "any other child" to a child living in the same household with the child who is under consideration.
 {¶ 25} The trial court's decision discusses both R.C. 2151.04(C) and(D), but it is unclear whether the court found one or both of these sections to be satisfied. It is clear, however, that the court found P.G. to be a dependent child under R.C. 2151.04 based on Melissa's mental health and substance abuse issues, her past inconsistency in addressing those issues, and the resulting loss of custody of four other children. In our view, the trial court did not abuse its discretion in concluding that these circumstances justified a finding of dependency under either R.C. 2151.04(C) or (D).
 {¶ 26} The Second and Third assignments of error are overruled.
 IV {¶ 27} All of Melissa G.'s assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and WALTERS, JJ., concur. *Page 7 
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1