[Cite as *In re M.M.-P.*, 2018-Ohio-1117.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF:                        :

      M.M.-P.                              :         CASE NO.   CA2017-08-116

                                           :         <u>O P I N I O N</u>
                                                     3/26/2018
                                           :

                                           :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2017-0149


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Children Services

Jonathan W. Ford, Legal Aid Society of Southwest Ohio, 10 Journal Square, 3rd Floor, Hamilton, Ohio 45011, guardian ad litem

D.M., 1007 South River Street, Franklin, Ohio 45005, appellant, pro se


      **PIPER, J.**

      {¶ 1}   Appellant, D.M. ("Father"), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, in which it took judicial notice of a prior adjudication decision in order to adjudicate M.M.-P. a dependent child.

      {¶ 2}   A children's services agency filed a complaint alleging that M.M.-P. was

dependent. The juvenile court held a shelter care hearing, during which the agency informed the court that the child had previously been adjudicated dependent based on the same allegations contained in its current complaint. The agency explained to the court that it had filed a complaint in the past alleging that the child was dependent. A hearing was held on the prior complaint, and the juvenile court adjudicated the child dependent. However, that adjudication order was dismissed without prejudice because of a procedural issue.

{¶ 3} The agency moved the juvenile court to take judicial notice of the previous adjudication result, and argued that the dependency issue had already been litigated. Father objected to the juvenile court taking judicial notice, and asked the court to provide an opportunity to litigate the agency's current complaint.

{¶ 4} The juvenile court decided to take judicial notice of the previous dependency adjudication, finding it unnecessary to re-litigate the same issues that had already been raised in the agency's first complaint. The matter then proceeded to disposition, and the court ordered supervised visitation and adoption of case plan services.

{¶ 5} Father now appeals, pro se, the juvenile court's decision, raising the following assignments of error. As the assignments of error are interrelated, we will address them together. Within the two assignments of error, Father alleges that the juvenile court erred by taking judicial notice of the prior dependency adjudication.[1]

{¶ 6} Pursuant to R.C. 2151.35(A)(1), a juvenile court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. *See also* Juv.R. 29(E)(4). An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the

---

1. The agency concedes the error and recommends reversal so that a hearing can occur on remand. Father, conversely, asked this court in his reply brief to reverse the juvenile court's decision and dismiss the complaint. On remand, the juvenile court will determine the proper procedure moving forward after permitting the parties to address any procedural arguments, as it would not be prudent for this court to rule on issues that were first raised in the appellant's reply brief. *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041.

record supporting the juvenile court's decision. *In re L.J.,* 12th Dist. Clermont No. CA2007-07-080, 2007-Ohio-5498, ¶ 12.

{¶ 7} While evidence may have existed to support the previous adjudication decision, "once a juvenile court dismisses a complaint without prejudice, it is as though the action had never been filed." *In re K.H.,* 8th Dist. Cuyahoga No. 92618, 2009-Ohio-5237, ¶ 13.

{¶ 8} The juvenile court's dismissal of the first adjudication finding without prejudice had the effect of placing the parties in the same position as if the first adjudication hearing never occurred. As such, there was no evidence, clear and convincing or otherwise, to support the juvenile court's current adjudication. The juvenile court accepted no evidence before taking judicial notice of the prior adjudication, and there is no supporting evidence for adjudication absent a hearing to permit the parties to submit evidence.

{¶ 9} Father's two assignments of error are sustained, and the matter is reversed and remanded for further proceedings.

{¶ 10} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.