[Cite as *In re L.H.*, 2019-Ohio-2383.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN THE MATTER OF:                 :        CASE NOS. CA2018-09-106
                                                    CA2018-09-109
L.H., et al.                      :                  CA2018-09-110
                                                    CA2018-09-111
                                  :
                                          O P I N I O N
                                  :          6/17/2019

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 17-D000163, and 18-D000031 thru D000033

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036 for appellee

Alexander, Wagner & Kinman, Maxwell D. Kinman, 423 Reading Road, Mason, Ohio 45040 for appellant

**M. POWELL, J.**

{¶ 1}   Appellant ("Mother") appeals the decisions of the Warren County Court of Common Pleas, Juvenile Division, adjudicating her children dependent.

{¶ 2}   Mother is the biological mother of D.T. and his three younger half-siblings, L.H.1, L.H.2, and S.H.[1]   D.T.'s biological father is deceased.  Father, who is not a party to this appeal, is believed to be the biological father of L.H.1, L.H.2, and S.H.  Mother and her

---

1. We note that this court incorrectly referred to L.H.1 and L.H.2 as D.T.'s step-siblings in *In re L.H.*, 12th Dist. Warren Nos. CA2017-06-081, CA2017-06-083, and CA2017-06-087, 2018-Ohio-802.

four children reside together.  The record indicates that Mother was granted custody of her minor brother X.W. ("Brother") in 2010.

{¶ 3}   In February 2017, the Warren County Children Services ("the Agency") filed a complaint alleging that D.T. was an abused and dependent child.  The Agency simultaneously filed complaints alleging that L.H.1 and L.H.2 were dependent children based upon the alleged abuse of D.T.  The complaints alleged that Father had committed acts of domestic violence towards Mother and had beaten D.T. with a belt for urinating on himself.  All three children were placed into Mother's custody subject to the Agency's protective supervision.  Father was ordered to vacate the home.  S.H. was not yet born.

{¶ 4}   In April 2017, D.T. was adjudicated dependent under R.C. 2151.04(C) and adjudicated abused.  L.H.1 and L.H.2 were adjudicated dependent under R.C. 2151.04(C).  Mother appealed the adjudications to this court.

{¶ 5}   While her appeal was pending, Mother gave birth to S.H. in August 2018.  In late September 2017, a caseworker with the Agency made an unannounced visit to Mother's home in connection with the pending cases involving D.T., L.H.1, and L.H.2.  Mother did not allow the caseworker to enter her home.  A few hours later, the caseworker returned with a police officer and was allowed to enter Mother's home.  Once inside, the caseworker smelled a strong odor of marijuana.  However, no drugs or drug paraphernalia were found in the home.  Mother was drug screened for marijuana and tested negative.  During her visit, the caseworker discovered the existence of S.H. and that Mother had custody of Brother.

{¶ 6}   On September 26, 2017, the Agency filed complaints alleging that S.H. and Brother were dependent children based in part upon the prior adjudications of D.T., L.H.1, and L.H.2 as dependent children and Mother's failure to comply with case plan services in

those cases.  S.H. and Brother remained in Mother's custody subject to the Agency's protective supervision.  Mother was ordered to complete the case plan services associated with D.T., L.H.1, and L.H.2.

{¶ 7}  On November 2, 2017, the Agency moved for ex parte emergency temporary custody of Mother's four children and Brother.  The motion was based upon Mother's failure to engage in case plan services, her failure to enroll Brother in mental health counseling, and Father's continued presence in the home.  The juvenile court conducted an ex parte hearing on the motion that same day.  Mother was not notified of the hearing and was not present.  Mother's attorney was likewise not present at the hearing.  The children and Brother were removed from Mother's home and placed in the temporary custody of the Agency.  All five children have been in foster care since that time.

{¶ 8}  An adjudicatory hearing was conducted in December 2017 regarding S.H. and Brother.  Mother did not testify.  At the hearing, the caseworker testified she smelled a strong odor of marijuana during her September 2017 visit to Mother's home.  However, no drugs or drug paraphernalia were found in the home and the caseworker did not observe any smoke.  The caseworker was able to search the entire home and found no indication of marijuana use other than the smell.  The caseworker had no concerns regarding the condition of the home, the sleeping arrangements, the availability of food, or the conditions of the children.  The caseworker testified that since she has been the family's caseworker, Mother has consistently tested negative for all substances, including marijuana.  The state argued S.H. and Brother were dependent under R.C. 2151.04(C) based upon the marijuana odor and Mother's failure to engage in the case plan services regarding D.T., L.H.1, and L.H.2.  The state further argued S.H. and Brother were dependent under R.C. 2151.04(D) based upon the prior adjudications of D.T., L.H.1, and L.H.2.

{¶ 9} On December 6, 2017, a magistrate issued a decision recommending that S.H. be adjudicated dependent under R.C. 2151.04(C) and (D) based upon the prior dependency adjudications of her siblings.  In support of her recommendation, the magistrate further noted Mother's refusal to initially allow the caseworker in her home in September 2017, the strong odor of marijuana present in her home, the absence of any drugs or drug paraphernalia in the home, and Mother testing negative for drug use.  The juvenile court adopted the decision on the same day.[2]

{¶ 10} Mother filed objections to the magistrate's decision which were overruled by the juvenile court.  Following a dispositional hearing on January 17, 2018, S.H. was once again placed in the temporary custody of the Agency.  Mother did not appeal the adjudication or disposition of S.H.

{¶ 11} On March 5, 2018, we reversed the April 2017 dependency adjudications of D.T., L.H.1, and L.H.2.  *In re L.H.*, 12th Dist. Warren Nos. CA2017-06-081, CA2017-06-083, and CA2017-06-087, 2018-Ohio-802.  We found that a caseworker's testimony concerning what D.T. had told her about being physically abused was inadmissible hearsay. We further found that absent such evidence, there was no clear and convincing evidence that D.T., L.H.1, and L.H.2 were dependent.  We consequently vacated the juvenile court's adjudicatory and dispositional orders regarding S.H.'s siblings.

{¶ 12} That same day, on March 5, 2018, the Agency filed new complaints alleging that D.T., L.H.1, and L.H.2 were dependent children.  The complaints referred to videos recorded in Mother's home and posted on Father's Facebook account "detailing statements

---

2. The transcript of the adjudicatory hearing for S.H. and Brother indicates that the magistrate dismissed Brother's case because there was no evidence relating to Brother's legal custody or the identity of his parents. The Agency subsequently filed a new complaint alleging that Brother was dependent.  In January 2018, Brother was adjudicated dependent under R.C. 2151.04(C) and (D) and was placed in the temporary custody of the Agency.  He has been in some form of foster care since that time.

about abusing mother and children while the children were present." The complaints further noted there were "concerns of drug abuse in the home in front of the children."

{¶ 13} Following this court's reversal of the prior adjudications of D.T., L.H.1, and L.H.2, Mother moved to dismiss the new complaints filed by the Agency regarding the three children. Mother further filed a Civ.R. 60(B) motion for relief from the December 2017 judgment entry adjudicating S.H. dependent.

{¶ 14} On June 5, 2018, the magistrate denied Mother's motion to dismiss the new complaints regarding D.T., L.H.1, and L.H.2. In a separate magistrate's order filed that same day, the magistrate granted in part and denied in part Mother's Civ.R. 60(B) motion regarding S.H. Specifically, in light of this court's reversal of the prior dependency adjudications of S.H.'s siblings, the magistrate vacated S.H.'s adjudication as a dependent child under R.C. 2151.04(D). The magistrate, however, upheld S.H.'s adjudication as a dependent child under R.C. 2151.04(C). In support of her determination, the magistrate cited the evidence presented at the December 2017 adjudicatory hearing, namely, Mother's initial refusal to allow the caseworker in her home, the strong odor of marijuana, the fact S.H. was less than six months old at the time, and the fact Mother was the only adult present in the home. Subsequently, Mother moved the magistrate to issue a "magistrate's decision" under Juv.R. 40(D)(3) regarding S.H.'s adjudication and her Civ.R. 60(B) motion, as opposed to a "magistrate's order" under Juv.R. 40(D)(2).

{¶ 15} An adjudicatory hearing was held in June 2018 regarding D.T., L.H.1, and L.H.2. Mother did not testify. During the hearing, portions of videos posted on Father's Facebook account were played. The videos showed Father smoking marijuana in Mother's home in the presence of D.T., L.H.1, and L.H.2. The videos further showed Father verbally threatening to physically abuse Mother and bragging that he had choked Mother and that

he would choke the children.  Following the caseworker's testimony, Mother orally moved to dismiss the new complaints filed in May 2018 regarding D.T., L.H.1, and L.H.2.  The motion was denied.

{¶ 16} On June 25, 2018, the magistrate journalized decisions recommending that D.T., L.H.1, and L.H.2 be adjudicated dependent under R.C. 2151.04(C) and (D).  The adjudications under R.C. 2151.04(D) were based upon the prior adjudications of S.H. and Brother as dependent children.  The adjudications under R.C. 2151.04(C) were based upon Father's use of marijuana in the children's presence and the "classic signs of domestic violence" as evidenced by the videos, and "Mother's inability to recognize these issues as problems * * * and [her] lack of protective capacity with respect to the minor children."

{¶ 17} On June 25, 2018, implicitly granting Mother's motion for a "magistrate's decision" regarding S.H., the magistrate further issued a "magistrate's decision" granting in part and denying in part Mother's Civ.R. 60(B) motion for relief.  Specifically, the magistrate vacated the dependency adjudication under R.C. 2151.04(D) in light of this court's March 5, 2018 opinion.  The magistrate, however, upheld the dependency adjudication under R.C. 2151.04(C).  Although this magistrate's decision is captioned with S.H.'s name and case number, the body of the decision solely and consistently refers to Brother and proceedings related to him.  Indeed, the decision refers to appellant as Brother's "custodian" and not as Mother and refers to a motion for relief filed by appellant as Brother's custodian and joined by Brother's biological mother.  The magistrate's analysis further refers to and quotes the magistrate's January 8, 2018 decision which solely adjudicated Brother dependent and relies upon evidence presented in Brother's case on that date.  S.H.'s name only appears once in the magistrate's decision, that is, in the caption.

{¶ 18} Mother filed objections to the magistrate's foregoing four decisions.  On

August 20, 2018, the juvenile court overruled Mother's objections and adopted the magistrate's June 25, 2018 decisions adjudicating D.T., L.H.1, and L.H.2 dependent.  The juvenile court further adopted the magistrate's June 25, 2018 decision captioned with S.H.'s name and solely addressing Brother's dependency adjudication.

{¶ 19} Mother now appeals, challenging the adjudication of D.T., L.H.1, L.H.2, and S.H. as dependent children in a single assignment of error.

{¶ 20} The state bears the burden of proof of establishing that a child is abused, neglected, or dependent.  *In re N.J.*, 12th Dist. Warren Nos. CA2016-10-086, CA2016-10-090, and CA2016-10-091, 2017-Ohio-7466, ¶ 12.  A juvenile court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. *In re T.B.,* 12th Dist. Fayette No. CA2014-09-019, 2015-Ohio-2580, ¶ 12, citing R.C. 2151.35(A).  "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 477 (1954).  An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the juvenile court's decision. *In re L.J.,* 12th Dist. Clermont No. CA2007-07-080, 2007-Ohio-5498, ¶ 12.

{¶ 21} With regard to construing the statutes involved in this case, R.C. 2151.01(A) provides

> The sections in [R.C.] Chapter 2151 * * * shall be liberally interpreted and construed so as to effectuate the following purposes: To provide for the care, protection, and mental and physical development of children subject to [R.C.] Chapter 2151, whenever possible, in a family environment, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety.

{¶ 22} With these guiding principles in mind, we turn to Mother's assignment of error:

- 7 -

**{¶ 23}** THE TRIAL COURT ERRED BY FINDING THE MINOR CHILDREN TO BE DEPENDENT CHILDREN PURSUANT TO R.C. §2151.04(C) & (D).

**{¶ 24}** Mother argues the juvenile court erred in adjudicating D.T., L.H.1, L.H.2, and S.H. dependent children under R.C. 2151.04(C) and (D).

### Adjudication of S.H. as a Dependent Child under R.C. 2151.04(C)

**{¶ 25}** Mother first challenges the denial of her motion for relief from the adjudication of S.H. as a dependent child under R.C. 2151.04(C).  Mother sought relief from judgment pursuant to Civ.R. 60(B)(4) and (5), which provides

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶ 26}** To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  Failing to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief.  *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14.

- 8 -

{¶ 27} In support of S.H.'s original dependency adjudication under R.C. 2151.04(C) in December 2017, the magistrate noted Mother's refusal to allow the caseworker in her home during a September 2017 visit and the odor of marijuana present in the home once the caseworker was granted entry.  Following this court's March 2018 opinion, Mother moved for relief from the December 2017 judgment entry adjudicating S.H. dependent.  In a magistrate's order filed on June 5, 2018, the magistrate vacated S.H.'s dependency adjudication under R.C. 2151.04(D) but upheld the child's dependency adjudication under R.C. 2151.04(C), noting Mother's refusal to allow the caseworker in her home and the odor of marijuana present in the home once the caseworker was granted entry.  Mother subsequently moved the magistrate to issue a magistrate's decision on the ground that a magistrate's order solely regulates proceedings and is not dispositive of a claim or defense of a party.  *See* Juv.R. 40(2)(a)(i); *In re N.J.*, 2017-Ohio-7466.

{¶ 28} On June 25, 2018, the magistrate issued a magistrate's decision captioned with S.H.'s name and case number but solely discussing Brother's case.  The decision upheld the dependency adjudication under R.C. 2151.04(C), based upon "additional evidence of dependency * * * presented at adjudication."  Specifically, the magistrate's decision cited Mother's admission at an adjudication hearing that she was a victim of domestic violence by Father two years prior, her failure to comply with requirements from Brother's school, her failure to have insurance for Brother, and a video posted on Father's Facebook account showing Father in Mother's home, "spouting profanities, * * * bragging about choking [Mother]," and proclaiming he had physically abused children.

{¶ 29} Mother argues there was insufficient evidence to adjudicate S.H. dependent under R.C. 2151.04(C) because the adjudication was based entirely upon "evidence that occurred in the future," namely, testimony presented at a January 2018 adjudicatory

hearing, the magistrate's January 8, 2018 adjudicatory decision, and a January 17, 2018 dispositional hearing.[3]  In other words, Mother argues S.H.'s dependency adjudication was based solely upon evidence that was not presented at the December 2017 adjudicatory hearing for S.H. and that was instead presented after S.H.'s December 2017 adjudicatory hearing in proceedings involving another child.

{¶ 30} Other than the initial refusal to allow the caseworker in her home, Mother is correct that none of the evidence cited and relied upon by the magistrate in the June 25, 2018 decision as the "other evidence" supporting the adjudication under R.C. 2151.04(C) was presented during the December 2017 adjudicatory hearing for S.H.  Rather, the evidence cited by and relied upon by the magistrate in denying Mother's motion for relief from the judgment adjudicating S.H. dependent was presented during the January 8, 2018 adjudicatory hearing which solely related to Brother.  Likewise, the January 8, 2018 adjudicatory decision relates solely to Brother.  The magistrate, therefore, erred in relying upon the foregoing evidence to deny Mother's motion for relief from the judgment adjudicating S.H. dependent under R.C. 2151.04(C).

{¶ 31} The state, however, argues that the magistrate properly relied upon the foregoing evidence to deny Mother's Civ.R. 60(B) motion regarding S.H.'s dependency adjudication under R.C. 2151.04(C).  Specifically, the state asserts that the videos posted on Father's Facebook account, including the video evidence cited in the magistrate's decision, were known to the magistrate at the time she adjudicated S.H. dependent on

---

3. The record indicates that a dispositional hearing was held on January 17, 2018, for S.H. as well as for Brother.  The record does not indicate whether each child had a separate dispositional hearing on that day or whether the magistrate conducted a joint dispositional hearing.  There is no transcript of either dispositional hearing.  In any event, it has no impact on our analysis because the January 17, 2018 dispositional hearing was only mentioned once in the procedural history portion of the magistrate's decision and the magistrate did not cite or rely upon any evidence presented at the hearing in support of her decision.

December 2017 based upon the state's November 2, 2017 ex parte emergency temporary custody motion.

{¶ 32} However, the state's ex parte motion does not mention any video posted on Father's Facebook account, does not allege domestic violence issues, and does not cite the evidence relied upon in the magistrate's June 25, 2018 decision.  Furthermore, the magistrate's order granting emergency temporary custody to the Agency does not detail the evidence relied upon in granting the state's motion and simply refers to the caseworker's "testimony" at the hearing on the motion.  Moreover, there is no transcript of the hearing on the motion from which it can be determined what evidence was presented in support of the motion.  The record, therefore, does not support the state's argument that the magistrate was aware of the video evidence at the time she adjudicated S.H. dependent under R.C. 2151.04(C).

{¶ 33} As stated above, Mother was not notified of the ex parte emergency hearing and was not present.  Mother's attorney was likewise not present at the hearing.  Mother was therefore not given notice of the evidence relied upon by the state and did not have the opportunity to oppose or challenge the evidence presented during the ex parte emergency hearing.  Mother further never agreed to incorporate the caseworker's testimony from the ex parte emergency hearing into the December 2017 adjudicatory hearing.

{¶ 34} Nevertheless, the state asserts that Mother had the "opportunity to contest the evidence, both on January 8, 2018, when the magistrate adjudicated the other child in Mother's care [i.e., Brother], and on June 7 and 21, 2018, when the magistrate adjudicated D.T., L.H.1, and L.H.2 to be dependent based on that evidence."  Based upon Mother's opportunity to contest the evidence during these hearings, the state asserts that Mother was not prejudiced when the magistrate relied upon the video evidence in denying Mother's

Civ.R. 60(B) motion.

{¶ 35} However, all three adjudicatory hearings above were conducted *after* the December 2017 adjudicatory hearing for S.H.  Furthermore, the January 2018 hearing solely dealt with Brother's case.  Likewise, the June 2018 hearings solely dealt with the cases for D.T., L.H.1, and L.H.2.  Therefore, contrary to the state's assertion, Mother did not have the opportunity to specifically contest the evidence as to S.H. during these three hearings.

{¶ 36} Moreover, "parents are entitled to due process during the adjudicatory stage of the proceedings."  *In re L.F.*, 9th Dist. Summit Nos. 27218 and 27228, 2014-Ohio-3800, ¶ 39.  A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.  *Id.*; *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965).  "'Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal * * * to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved.'"  *In re L.R.*, 5th Dist. Holmes No. 13CA004, 2013-Ohio-3104, ¶ 72, quoting *Williams v. Dollison*, 62 Ohio St.2d 297, 299 (1980).  A magistrate may not rely upon evidence that was never presented at an adjudicatory hearing for a specific child in a particular case as evidence supporting the adjudication of that child.  Doing so violates the principles of procedural due process above.

{¶ 37} The state further argues that even if the magistrate did not consider the video evidence, she nevertheless properly denied Mother's motion for relief and adjudicated S.H. dependent under R.C. 2151.04(C) based upon the evidence presented at the December 2017 adjudicatory hearing for S.H., namely, Mother's failure to comply with her case plan, her refusal to allow the caseworker in her home, and the odor of marijuana in the home.

- 12 -

However, although the juvenile court relied upon that evidence in adjudicating S.H. under R.C. 2151.04(C) in December 2017, this evidence clearly was not considered in denying Mother's motion for relief from judgment.

{¶ 38} In light of the foregoing, we find that the evidence cited by the state does not support the juvenile court's dependency adjudication of S.H. under R.C. 2151.04(C) by clear and convincing evidence. The juvenile court, therefore, erred in denying Mother's Civ.R. 60(B) motion for relief. The juvenile court's denial of Mother's Civ.R. 60(B) motion relating to S.H.'s dependency adjudication under R.C. 2151.04(C) is accordingly reversed and the matter is remanded for the juvenile court to rule upon Mother's Civ.R. 60(B) motion based solely upon a consideration of the proceedings in S.H.'s case.

**Adjudication of D.T., L.H.1, and L.H.2 as Dependent Children under R.C. 2151.04(C)**

{¶ 39} Mother next challenges the adjudication of D.T., L.H.1, and L.H.2 as dependent children under R.C. 2151.04(C). The statute defines a "dependent child" as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]"

{¶ 40} The determination that a child is dependent requires no showing of fault on the parent's part. *In re T.B.*, 2015-Ohio-2580 at ¶ 20. Rather, the focus is on the child's condition or environment, and whether the child was without adequate care or support. *Id.* Thus, dependency under R.C. 2151.04(C) requires "evidence of conditions or environmental elements that were adverse to the normal development of the child." *In re E.R.*, 9th Dist. Medina No. 05CA0108-M, 2006-Ohio-4816, ¶ 13. However, a court may consider a parent's conduct insofar as it forms part of the child's environment. *In re T.B.* at ¶ 20; *In re Burrell*, 58 Ohio St.2d 37, 39 (1979). A parent's conduct is significant if it has an adverse impact on the child sufficient to warrant intervention. *In re T.B.* at ¶ 20. "That

- 13 -

impact cannot be simply inferred in general, but must be specifically demonstrated in a clear and convincing manner." *In re Burrell* at 39.

{¶ 41} Generally, R.C. 2151.04(C) is to be broadly applied to protect the health, safety, and welfare of children:

> While the child's present "condition or environment" is the focus of a dependency determination, the law does not require the court to experiment with the child's welfare to see if * * * [the child] will suffer great detriment or harm. The child does not first have to be put into a particular environment before a court can determine that * * * [the] environment is unhealthy or unsafe.

*In re N.J.*, 2017-Ohio-7466 at ¶ 20. In other words, actual harm to a child is not necessary. Rather, circumstances giving rise to a legitimate risk of harm may suffice to support an adjudication of dependency under R.C. 2151.04(C). *Id.*

{¶ 42} The juvenile court found D.T., L.H.1, and L.H.2 dependent primarily based upon two videos recorded in Mother's home and posted on Father's Facebook account. Mother challenges the juvenile court's reliance upon the videos, arguing that they depict events that occurred in or before October 2017, months before the new dependency complaints were filed in March 2018, and that they were therefore not indicative of the children's current situation. The record shows that the caseworker discovered the videos in October 2017.

{¶ 43} In adjudicating D.T., L.H.1, and L.H.2 dependent under R.C. 2151.04(C), the juvenile court found that

> The videos show [Father] smoking what appeared to be marijuana and he indicates in the video he is smoking marijuana, referring to it as "weed". [Father] advised he would never stop smoking "weed" as that is how he deals with his problems. [Father] was the only one caring for the child[ren] during said video(s). This behavior is further corroborated by the testimony of the caseworker indicating a detection of an odor of marijuana during home visits.

Additionally, the video(s) also reflect classic signs of domestic violence.  There is reference to choking Mother and the child(ren).  Mother's inability to recognize these issues as problems is a concern and demonstrates a lack of protective capacity with respect to the minor children.

{¶ 44} We find that the adjudication of D.T., L.H.1, and L.H.2 as dependent children under R.C. 2151.04(C) is supported by clear and convincing evidence.  As stated above, when the caseworker visited Mother's home in September 2017, there was a strong odor of marijuana in the home.  The three children were in the home at the time.  One of the videos plainly shows Father smoking marijuana and admitting to smoking "weed" while visiting and caring for his biological children in Mother's home.  While Father was never forbidden from visiting his children in Mother's home, he was subject to a no-contact order regarding D.T.  One of the videos plainly shows Father interacting with D.T. while Father is in Mother's home.

{¶ 45} The videos further show Father using vulgar language and profanities, bragging about choking Mother, threatening future violence against Mother, and proclaiming he had physically abused children.  Mother can be heard in the background in one of the videos.  The caseworker testified that when she discussed the videos with Mother, including the issue of physical violence, Mother stated she was not concerned about having Father in the home around the children.

{¶ 46} Mother is correct that she has maintained proper housing throughout the proceedings, and that the caseworker had no concerns regarding the condition of the home, the sleeping arrangements, the availability of food, or the conditions of the children.  Moreover, it is true that no drugs or paraphernalia were found in the home during the caseworker's September 2017 visit and that Mother has consistently tested negative for all

substances, including marijuana.  Further, there is no evidence that Father was living in Mother's home.

{¶ 47} However, the fact that the physical needs of D.T., L.H.1, and L.H.2 were met and that they generally lived in an appropriate home does not automatically lead to the conclusion that they are not dependent under R.C. 2151.04(C).  *In re Bugaj*, 7th Dist. Belmont Nos. 06-BE-24 thru 06-BE-26, 2008-Ohio-871, ¶ 32.  D.T., L.H.1, and L.H.2 were in Mother's home when the caseworker was finally allowed entry and smelled a strong odor of marijuana.  While the caseworker did not observe any marijuana smoke, the evidence plainly shows that Mother has allowed Father to smoke marijuana in her home in the presence of the children.  "[I]t is reasonable to conclude that children should not be in an apartment where the smell of marijuana is present," and where drug use takes place in the presence or vicinity of the children.  *Id.* at ¶ 33.

{¶ 48} Furthermore, Ohio caselaw supports a finding of dependency under R.C. 2151.04(C) where children are exposed to domestic violence in the home.  *In re N.J.*, 2017-Ohio-7466 at ¶ 24.  Mother's inability to recognize Father's marijuana use around the children, his threats of future violence against her, and his bragging and/or proclamation of having physically abused Mother and the children as serious issues is troublesome and demonstrates Mother's lack of protective capacity regarding the children.  The condition or environment of the children is such as to warrant the state, in their interests, in assuming their guardianship.  The juvenile court, therefore, did not err in adjudicating D.T., L.H.1, and L.H.2 dependent under R.C. 2151.04(C).

**Adjudication of D.T., L.H.1, and L.H.2 as Dependent Children under R.C. 2151.04(D)**

{¶ 49} Mother next challenges the adjudication of D.T., L.H.1, and L.H.2 as dependent children under R.C. 2151.04(D).  The statute defines a "dependent child" as any

child "[t]o whom both of the following apply":

> (1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
>
> (2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.

{¶ 50} A finding of dependency under R.C. 2151.04(D) "requires proof that both of the above provisions apply. Thus, a lack of clear and convincing evidence on either paragraph will prevent a finding of dependency under R.C. 2151.04(D)." *In re A.W.*, 195 Ohio App.3d 379, 2011-Ohio-4490, ¶ 11 (9th Dist.). Mother's appeal is restricted to whether S.H.'s dependency adjudication may serve to satisfy the requirements of R.C. 2151.04(D)(1). Mother advances no arguments regarding R.C. 2151.04(D)(2). Consequently, we will limit our discussion to the "prior adjudication of dependency" element of R.C. 2151.04(D)(1).

{¶ 51} We have held that because a determination of dependency is made as of the date alleged in the complaint under R.C. 2151.23(A)(1), "for a child to be found dependent under R.C. 2151.04(D), R.C. 2151.04(D)(1) requires that a sibling of the child or any other child who resides in the household be adjudicated abused, neglected, or dependent before the dependency complaint for the child whose status is at issue is filed." *In re N.J.*, 2017-Ohio-7466 at ¶ 38.

{¶ 52} By magistrate's decisions filed on June 25, 2018, and subsequently adopted by the juvenile court, D.T. and L.H.2 were adjudicated dependent under R.C. 2151.04(D) based upon S.H.'s prior dependency adjudication under R.C. 2151.04(C). Although the

respective magistrate's decision does not so indicate, L.H.1 was likewise adjudicated dependent under R.C. 2151.04(D) presumably based upon S.H.'s prior dependency adjudication. Although we have reversed the juvenile court's denial of Mother's Civ.R. 60(B) motion for relief from the judgment adjudicating S.H. dependent under R.C. 2151.04(C), we have remanded the matter to the juvenile court for further proceedings. Therefore, S.H.'s dependency adjudication under R.C. 2151.04(C) retains efficacy pending further proceedings of the juvenile court. Thus, we affirm the juvenile court's adjudication of D.T., L.H.1, and L.H.2 as dependent under R.C. 2151.04(D) based upon S.H.'s prior dependency adjudication.

{¶ 53} Based upon the foregoing, we affirm the juvenile court's adjudication of D.T., L.H.1, and L.H.2 as dependent children under R.C. 2151.04(C) and 2151.04(D). We further reverse the juvenile court's denial of Mother's Civ.R. 60(B) motion regarding S.H.'s dependency adjudication under R.C. 2151.04(C) and remand the matter for further proceedings. On remand, the juvenile court shall be guided by the axiom that Civ.R. 60(B) may not be used as a vehicle to collaterally attack aspects of a judgment that may have been raised on appeal. *Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 20. The matter is remanded for the sole purpose of holding a hearing on Mother's Civ.R. 60(B) motion to determine whether Mother is entitled to relief from the judgment entry adjudicating S.H. dependent under R.C. 2151.04(C) based only upon the proceedings in S.H.'s case.

{¶ 54} Judgment affirmed in part and reversed in part, and the matter is remanded for further proceedings.

HENDRICKSON, P.J., and RINGLAND, J., concur.

- 18 -